

FILED
JUL 1 0 2017
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER, PURSUANT TO 18 U.S.C. § 2705(b), PROHIBITING YAHOO!, INC., AN ELECTRONIC COMMUNICATIONS PROVIDER, FROM NOTIFYING ANY PERSON, INCLUDING THE SUBSCRIBER, OF THE EXISTENCE OF A SUBPOENA. | **SEALED APPLICATION**<br><br>4:17-mc-31 |

The United States, through Assistant United States Attorney Jeffrey C. Clapper, for the District of South Dakota, hereby applies to the Court pursuant to 18 U.S.C. § 2705(b) for an order prohibiting Yahoo!, Inc., located at 701 First Avenue, Sunnyvale, CA 94089, which functions as an electronic communications service provider, from notifying any person, including the subscriber, of the existence of a subpoena to Yahoo!, Inc., that requests subscriber information related to the Yahoo! account boatwinterizing@yahoo.com.

In support of this application, I affirm the following:

### FACTUAL AND LEGAL BACKGROUND

1. The Federal Bureau of Investigation (FBI) is currently investigating allegations of stalking, in violation of 18 U.S.C. § 2261A.

2. Based on the investigation of this criminal activity, there are reasonable grounds to believe that Yahoo!, Inc. has records and other information that are relevant and material to the ongoing criminal investigation described above.

3. Section 2703 of Title 18, United States Code, provides instruction on access to the records and other information in the possession of providers of "electronic communications services" and/or "remote computing services." Yahoo!, Inc. functions both as an electronic communications service provider -- that is, Yahoo!, Inc. provides its subscribers with access to electronic communication services, -and as a remote computing service provider providing computer facilities for the storage and processing of electronic communications as those terms are used in 18 U.S.C. § 2703.

4. Here, pursuant to 18 U.S.C. § 2703(c)(2), the government seeks to obtain the following basic subscriber information:

(a) names (including subscriber names, user names and screen names);

(b) address (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

(c) local and long distance telephone connection records;

(d) records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

(e) length of service (including start date) and types of service utilized;

(f) telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

(g) other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

  (h) means and source of payment for such service (including any credit card or bank account number) and billing records.

 5. According to 18 U.S.C. § 2703(c)(2), a Federal trial jury subpoena may be used to obtain the above-described subscriber information.

 6. According to 18 U.S.C. § 2703(c)(3), a governmental agency receiving records or information under 18 U.S.C. § 2703(c)(2) is not required to provide notice to a subscriber or customer.

 7. Pursuant to 18 U.S.C. § 2705(b), the Court may issue an order commanding a provider of electronic communications services or remote computing services that has been served with a subpoena in accordance with 18 U.S.C. § 2703, to not notify the subscriber, customer or any other person of the existence of the subpoena or court order.

 8. Also pursuant to 18 U.S.C. § 2705(b), the Court shall enter such an order if it determines that there is reason to believe that notification of the existence of the subpoena will result in (1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

 9. Accordingly, this application sets forth the facts showing that there are reasonable grounds to believe that the records and information sought are relevant and material to the ongoing criminal investigation described above and that an order prohibiting the disclosure of the subpoena and request for information is warranted under the circumstances.

## THE RELEVANT FACTS

10. The Federal Bureau of Investigation is conducting an investigation of a suspect who utilizes Yahoo! account boatwinterizing@yahoo.com for violations of stalking in the district of South Dakota. Information within the account identified above could potentially be used to pursue additional information concerning the identity of the suspect and crimes currently being investigated by the federal government.

11. For the purposes of the ongoing investigation, the Government seeks to obtain basic subscriber information of the requested accounts possibly associated with the suspect.

12. It is requested that this Application and Order be sealed by the Court for 90 days, or as the Court directs otherwise. Given the confidential nature of this investigation, disclosure would severely jeopardize the investigation in that it might alert the target of the investigation and likely lead to the destruction and concealment of evidence.

13. It is further requested that pursuant to the preclusion of notice provisions of 18 U.S.C. § 2705(b), that Yahoo!, Inc. be ordered not to notify any person (including the subscribers or customers to which the materials relate) of the existence of this order or the Federal subpoena until further order of the Court. The Government submits that such an order is justified because notification of the existence of this order could seriously jeopardize the ongoing investigation. Such a disclosure could give the subscribers an opportunity to destroy evidence.

WHEREFORE, it is respectfully requested that the Court grant the attached Order (1) directing that the Application and Order be sealed; and (2) directing Yahoo!, Inc. not to disclose the existence or content of the Order, the application, or the Federal subpoena, except to the extent necessary to comply with the Federal subpoena.

Dated this 10th day of July, 2017.

Jeffrey C. Clapper
Assistant United States Attorney
PO Box 2638
Sioux Falls, SD 57104
605-357-2351
Jeff.Clapper@usdoj.gov